†CLEMENTIA WHITWORTH v. PETER STEERS.

TRIAL BY JURY WAIVED BY CONDUCT.

> The right of trial by jury may be waived in open court by conduct of the party amounting to an estoppel.

HALE, J.

This case is pending here upon a petition in error to reverse a judgment of the court of common pleas. A single error is relied upon. The plaintiff below, the plaintiff here, commenced an action in the court of common pleas in which he sought to establish his title to the premises described in the petition, and to have the possession of the premises restored to him, with an accounting for rents and profits on the part of the defendant who was in possession, as he alleged.

---

†This judgment was affirmed by the Supreme Court without report, Dec. 17, 1895; 53 O S 686.

The case was tried in the court of common pleas to the court, without the intervention of a jury, and resulted in judgment for the defendant. Thereupon the plaintiff took an appeal to the circuit court, which appeal, on motion, was dismissed, on the ground that the case was one for a jury and not appealable; and after that was done the plaintiff in error filed his petition in error in this court, alleging that the court below erred in the trial of his case without a jury. The plaintiff relies upon section 5204 of the statute:

"In actions arising upon contract the trial by the jury may be waived by the parties, and in other actions with the assent of the court, in the following manner:

"1. By the consent of the party appearing, when the other party fails to appear at the trial, by himself or attorney.

"2. By written consent in person, or by attorney, filed with the clerk.

"3. By oral consent in open court, entered on the journal."

There was no written consent filed with the clerk and there was no oral consent entered on the journal.

This court holds, notwithstanding this statute, which is quite explicit, that the right to trial by jury may be waived by the conduct of the party, amounting to a waiver by estoppel, and that the conduct of the plaintiff in this case amounts to such waiver; that having brought the action and invoking the power of the court to try it, without the intervention of a jury, taking his chances for judgment at the hands of the court, and taking an appeal from that judgment to this court, it is too late for him to predicate error upon the fact that the court tried his case without intervention of a jury, doing precisely what he asked the court to do. The judgment is affirmed.

*E. Sowers*, for plaintiff.

*James Wade*, for defendant.